*United States v. Giacobbe (Gannett Media Corp.)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand twenty-two.

PRESENT:
> REENA RAGGI,
> JOSEPH F. BIANCO,
> SARAH A. L. MERRIAM,
>
> *Circuit Judges*.

———————————————————————

Gannett Media Corp., DBA Democrat & Chronicle,

> *Intervenor-Appellant*,

v.                                                                              22-2160

United States of America,

> *Appellee*,

Frank Giacobbe, Patrick Ogiony, Kevin Morgan, Todd Morgan, Robert Morgan, Michael Tremiti,

> *Defendants*.[*]

———————————————————————

---

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

FOR INTERVENOR-APPELLANT:       MICHAEL J. GRYGIEL (Kelly L. McNamee, *on the brief*), Greenberg Traurig, LLP, Albany, NY.

FOR APPELLEE:       TIFFANY H. LEE, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from the order of the United States District Court for the Western District of New York (Wolford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **VACATED** and **REMANDED**.

Intervenor Gannett Media Corp., d/b/a the Democrat & Chronicle ("Gannett"), appeals from the district court's order, entered on September 19, 2022, to the extent it denied Gannett's motion for reconsideration of an order sealing certain court-filings by the government in a pending criminal case. Gannett argues that the district court, in maintaining under seal portions of the government's submissions to the court relating to allegations of prosecutorial misconduct in the handling of the case, erred by: (1) failing to make the specific factual findings required by the First Amendment; and (2) improperly balancing the presumption of public access under the common law with countervailing interests. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision.

## BACKGROUND

This appeal arises out of a criminal case in which several defendants were indicted on various federal charges related to an alleged insurance fraud scheme and scheme to defraud certain U.S. government entities. In October 2020, the district court granted the defendants' motions to dismiss the indictment on speedy trial grounds and, in doing so, highlighted the "government's

2

repeated missed deadlines resulting in the conditional interest of justice exclusion, the government's failure to produce by the July 31, 2019 deadline any material from several of the devices seized over a year earlier, and the government's failure to approach its electronic discovery obligations with the necessary vigor required to manage ESI of this volume." *United States v. Morgan*, 493 F. Supp. 3d 171, 212 (W.D.N.Y. 2020). The district court, however, determined that the dismissal should be without prejudice given the lack of bad faith.

After a new indictment was filed, the defendants moved for reconsideration of the dismissal of the prior indictment without prejudice, arguing that dismissal with prejudice was warranted based on newly-discovered evidence that the government had engaged in misconduct, including making intentionally misleading statements and omissions to the court. The district court directed the government to respond, in affidavit form, to the allegations and, during oral argument on the motion, concluded that an evidentiary hearing was necessary to address the district court's concerns regarding the government's conduct and its prior representations to the court. The defendants pled guilty before the hearing occurred and, under their plea agreements, withdrew their motions for reconsideration. However, on April 22, 2022, the district court issued an order noting that, pursuant to its inherent authority to supervise conduct of the members of its bar, "additional fact-finding may be warranted where it is unclear if government lawyers intentionally made a misleading statement to the Court." Dist. Ct. Dkt. No. 613 (order) at 2–3 (alteration adopted) (internal quotation marks and citation omitted). Thus, the district court considered "whether the Court, on its own, should resolve those factual disputes, notwithstanding the withdrawn motions" by the defendants. *Id.* at 3. Moreover, the district court ordered that, if the government took the position that no further misconduct inquiry by the district court was

3

necessary, it should file a submission setting forth the basis for that position, including any potential "plans the government has to pursue the issues on its own internally." *Id.*

In a decision and order dated July 20, 2022, the district court granted the government's motion to file its submission *ex parte* and under seal. The district court determined, based upon the government's submission and affidavit in support of its motion to seal (collectively, the "Sealed Submissions"), that it would "not take further steps *sua sponte* to investigate the allegations that were the subject of the planned evidentiary hearing . . . ." Special App'x at 16. On August 18, 2022, Gannett filed motions to intervene and for reconsideration of the July 20 order. On September 19, 2022, the district court granted Gannett's motion to intervene and granted in part and denied in part its motion for reconsideration. In particular, the district court held that it would unseal the Sealed Submissions, insofar as they revealed "the internal steps that the United States Attorney's Office for the Western District of New York . . . intends to take to ensure the type of discovery failures that occurred in this case do not reoccur" and "the general internal processes available within the Department of Justice to conduct" an attorney misconduct review, but keep under seal those parts of the Sealed Submissions (1) naming officials involved in internal reform efforts at the U.S. Attorney's Office and (2) regarding "the status of any review by the Department of Justice of attorney misconduct issues." *Id.* at 12–13.

Gannett now appeals that order, challenging the district court's decision to keep under seal any portion of the Sealed Submissions.

## DISCUSSION

When reviewing a district court's order to seal or unseal a document, "we examine the court's factual findings for clear error, its legal determinations de novo, and its ultimate decision to seal or unseal for abuse of discretion." *Bernstein v. Bernstein Litowitz Berger & Grossmann*

4

*LLP*, 814 F.3d 132, 139 (2d Cir. 2016).  We review *de novo* a district court's determination whether an item at issue is a "judicial document," to which the public has a presumptive right of access. *See United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 134 (2d Cir. 2017).

"Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution." *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020).  As we have explained, "[t]he presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) (*Amodeo II*).  Once a court finds that documents are judicial documents and thus the common law presumption of access is triggered, the court must determine the weight of that presumption and then "balance competing considerations against it." *Id.* at 1050.  This common law presumption of access requires a court to make specific findings, after careful review of all competing claims for and against access, before sealing a judicial document.  *See United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) (*Amodeo I*).

The public's access to judicial documents is also protected by a "qualified First Amendment right." *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004).  "Indeed, the First Amendment protection has been understood to be stronger than its common law ancestor and counterpart." *United States v. Erie County*, 763 F.3d 235, 239 (2d Cir. 2014).  We have articulated two different approaches for determining whether a judicial document should receive First Amendment protection.  The "experience and logic approach requires the court to consider both whether the documents have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process

5

in question." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation marks and citation omitted). Our second approach "considers the extent to which the judicial documents are derived from or are a necessary corollary of the capacity to attend the relevant proceedings." *Id.* (alteration adopted) (internal quotation marks and citation omitted). However, as with the common law right of public access, the First Amendment right is "not absolute." *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). Thus, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (internal quotation marks and citation omitted). The Sealed Submissions, as the district court found, are judicial documents subject to a presumptive right of public access under both the First Amendment and common law rights. *See, e.g.*, *Olson v. Major League Baseball*, 29 F.4th 59, 89 (2d Cir. 2022) (finding that an exhibit accompanying a motion that was considered and rejected by the district court was "relevant to the performance of the judicial function and useful in the judicial process," and thus, a judicial document entitled to the common law presumption of public access (internal quotation marks and citation omitted)); *United States v. Gerena*, 869 F.2d 82, 85 (2d Cir. 1989) (applying First Amendment right of public access to "briefs and memoranda" filed in connection with pre-trial and post-trial motions).

We conclude, however, that the district court failed to make the requisite specific findings that would support the redactions of the Sealed Submissions under either presumption. The district court's two justifications for the redactions were (1) the need "to protect the robust and candid functioning of the Department of Justice's internal processes," and (2) "privacy concerns." Special App'x at 13 (internal quotation marks and citation omitted). These broad findings, however, are insufficient to justify the redactions in the Sealed Submissions. *See In re New York Times Co.*,

6

828 F.2d at 116 ("Broad and general findings by the trial court . . . are not sufficient to justify [sealing]."); *see also Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019) (holding that the district court erred in making only "generalized statements about the record as a whole" to support sealing).

Moreover, to the extent the government has presented arguments on appeal to buttress the district court's findings in support of the redactions under the common law presumption, we are unpersuaded. First, we emphasize that there is a strong public interest in the manner in which criminal cases are conducted, including the handling of any allegations of prosecutorial misconduct during the discovery phase of the case. *See In re National Broad. Co.*, 635 F.2d 945, 951 (2d Cir. 1980) ("'[I]t would be difficult to single out any aspect of government of higher concern and importance to the people than the manner in which criminal trials are conducted.'" (quoting *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575 (1980))). The district court itself recognized that "[t]he Court expects all attorneys who appear before it to conduct themselves with the utmost candor, but that expectation is particularly keen when it comes to attorneys representing the United States of America" because they are "guardians of the public interest." Special App'x at 21. Here, the district court found that "[t]here is no question that inaccurate statements were made by the government as part of these proceedings" and that there was "credible evidence in the record supporting the defense position that, in fact, there were intentional misrepresentations by the government to the Court."[1] *Id.* at 21; *see also* App'x at 153 (district court noting that "the public confidence in our criminal justice system . . . has been impacted by this case" and "the [prosecutors'] handling of this case . . . is not the way the criminal justice

---

[1] We emphasize that the district court did not make a finding of intentional misconduct by the prosecutors; rather, the factual disputes regarding that issue were going to be resolved at the anticipated evidentiary hearing.

system is supposed to work"). Therefore, the Sealed Submissions, which ultimately persuaded the district court that an independent judicial investigation under its Article III supervisory powers of the alleged prosecutorial misconduct was unnecessary, carry a strong presumption of public access under the circumstances of this case. *See Brown*, 929 F.3d at 49 ("As our precedent makes clear, a court performs the judicial function not only when it rules on motions currently before it, but also when properly exercising its inherent supervisory powers." (alteration adopted) (internal quotation marks and citation omitted)); *see also Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 838–39 (1978) ("The press does not simply publish information about trials but guards against the miscarriage of justice by subjecting the police, prosecutors, and judicial processes to extensive public scrutiny and criticism." (internal quotation marks and citation omitted)). The district court failed to give sufficient weight to that presumption in its analysis.[2]

Second, in terms of countervailing considerations, it is unclear how generalized "privacy concerns" or the "robust and candid functioning" of the Justice Department's internal processes can outweigh the strong presumption in this case. As the district court noted, "the evidence of potential prosecutorial misconduct that exists in this case is on the public docket, available for review by Gannett or anyone else who is interested in the matter." Special App'x at 7. Thus, there is no concern about disclosing the identity of the prosecutors accused of misconduct. The district court also made clear that the Sealed Submissions contain no findings or additional evidence of government misconduct and, therefore, they cannot be analogized to internal disciplinary records. In short, the government has failed to articulate how the unsealing of its submissions would interfere with any potential internal government process related to alleged prosecutorial

---

[2] This weighing of the presumption does not apply to the First Amendment presumptive right of access, which either applies to particular judicial documents or does not. *See Newsday LLC v. County of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013).

misconduct. Indeed, the government explicitly stated in the district court that it was not invoking any deliberative process privilege as a ground for sealing. Similarly, although the district court redacted the names of supervisors in the U.S. Attorney's Office and high-level officials in the Department of Justice involved in the remedial efforts to address these allegations, the government has not sufficiently explained how the disclosure of the identities of such individuals implicates privacy concerns sufficient to warrant sealing, especially where the government often publicly discloses the identities of high-level officials involved in its decision-making procedures. *See generally* U.S. Dep't of Just., Just. Manual (2018).[3]

In sum, although we are skeptical that the government can provide a sufficient basis to support the specific findings that would be necessary to justify redactions to the Sealed Submissions, we will remand the matter to give the district court the opportunity to consider fully the government's arguments on this issue and, if the district court determines continued sealing is warranted, to make more specific findings supporting the redactions under our precedent.

\* \* \*

Accordingly, we **VACATE** the order of the district court and **REMAND** for further proceedings consistent with this order.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Although the district court also cited "work product" as a ground for the sealing of that information, Special App'x at 13, the government has not articulated how any work product privilege would apply to the identities of the individuals in the Sealed Submissions.

9